ent.  I think County Judge Ferris disposed of the case upon the right theory.  If the evidence here correctly shows the facts, Clark was not entitled to recover.  The plaintiff's remedy was to appeal from that judgment, rather than to bring an action against the defendant.

SMITH, P. J., and LYON, J., concur.

---

### GIBSON v. CASEIN MFG. CO.

(Supreme Court, Appellate Division, Third Department.   May 7, 1913.)

1. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In the absence of evidence of a rule or custom to the contrary in the plant of the master, a showing that deceased was killed while adjusting a set screw upon machinery in motion will not warrant a finding as a matter of law that he was guilty of contributory negligence; it being unreasonable to assume that the usual custom was not followed, and a failure to shut off the power being for the benefit of the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132;  Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 274*)—CONTRIBUTORY NEGLIGENCE—EVIDENCE AS TO REPUTATION.

In an action for the death of a servant, where there were no eyewitnesses, testimony that he was an ordinarily prudent, cautious man when employed around various kinds of machinery is inadmissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 939–949;  Dec. Dig. § 274.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Chenango County.

Action by Bessie Gibson, as administratrix of the estate of Ira Gibson, deceased, against the Casein Manufacturing Company.  From a judgment for plaintiff, and an order denying defendant's motion for new trial, defendant appeals.  Reversed and remanded.

See, also, 140 N. Y. Supp. 1120.

Argued before SMITH, P. J., and KELLOGG, HOWARD, and WOODWARD, JJ.

Page & Hays, of Binghamton (Frank M. Hays, of Binghamton, of counsel), for appellant.

Julien Scott, of Bainbridge, for respondent.

JOHN M. KELLOGG, J.  [1] The charge properly submitted the case to the jury, and we cannot say that the verdict is not sustained by the evidence.  It is not clear that the deceased was fixing the set screw while the machinery was in motion.  If, however, we assume otherwise, we cannot say as a matter of law that he was guilty of contributory negligence.  The appellant introduced such evidence as seemed to it proper.  It did not show whether the rules or custom of the mill required that the engine be shut down while the set screw was being adjusted.  Apparently it was not deemed unusual that it was not shut down in this case.  Naturally it would be better for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the employé to shut off the power if he alone is considered; but that would delay the defendant's work. Permitting the engine to run was for the defendant's interest only, and it is not unreasonable to assume that the usual custom of the mill was followed. There was no eyewitness to the transaction, and I think, within Irish v. Union Bag & Paper Co., 103 App. Div. 45, 92 N. Y. Supp. 695, and Id., 183 N. Y. 508, 76 N. E. 1097, the jury may well have determined that the intestate was free from contributory negligence.

[2] The difficulty with the case, as I see it, is that the plaintiff was permitted to prove, over the defendant's objection, that the intestate was an ordinarily cautious man when employed around the various kinds of machinery. The authorities seem to compel the conclusion that such evidence is inadmissible. Zucker v. Whitridge, 205 N. Y. 50, 98 N. E. 209, 41 L. R. A. (N. S.) 683, holds that if there is an eye witness then it is inadmissible to prove that the deceased was a prudent, careful person, without passing upon the question whether the rule applies if there is no surviving witness; but Parsons v. Syracuse, B. & N. Y. R. R. Co., 205 N. Y. 226, 98 N. E. 331, a case where there was no eyewitness to the intestate's acts, indicates that the rule applies whether there is or is not a surviving witness of the transaction.

Perhaps these cases do not necessarily decide the question, but it seems to me that we are foreclosed by them from further consideration of it. I therefore feel constrained to favor a reversal.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

HOWARD, J., concurs.

WOODWARD, J. (concurring). I concur in the conclusion reached by Mr. Justice KELLOGG that the judgment should be reversed because of the error in permitting the witness Crumb to testify to his opinion as to the decedent being ordinarily cautious when he was employed around the various machines, not particularly in the plant where the accident occurred, but in various places. The testimony was merely the opinion of this witness, not shown to have been based upon any general observation of men, but upon his alleged observations of the decedent while at work in various places, and he says that he considered him "ordinarily cautious." What this means depends entirely upon what the witness conceives to be ordinary caution, a question which belongs exclusively to the jury, to be based upon the facts brought out in the testimony. There is no place for opinion evidence° upon a point of this character; it is necessary to a proper trial by jury, involving the question of reasonable care, that the facts be presented, and that the jury determine the question of reasonable care. It is the judgment of 12 men, sworn to the discharge of their duty, upon the evidence, which is the essential element of a jury trial where the issue involves the question of reasonable care, and it was clearly error to permit the witness to testify over the objection and exception of the defendant to his opinion as to the care of the plaintiff's intestate.

But, suppose the plaintiff's intestate to have been ordinarily cautious around machinery as a matter of fact; suppose that it had been shown that in many instances he had evidenced more than ordinary care in handling machinery—would that warrant a jury in determining in a given case that he was in the exercise of ordinary care? Section 16 of article 1 of the state Constitution provides that:

"Such parts of the common law, and of the acts of the Legislature of the colony of New York, as together did form the law of the said colony, on the nineteenth day of April, one thousand seven hundred and seventy-five, * * * which have not since expired, or been repealed or altered; and such acts of the Legislature of this state as are now in force, shall be and continue the law of this state, subject to such alterations as the Legislature shall make concerning the same."

And this, I take it, precludes the right of the courts to alter the common law. This action is brought under the common law, and the common law unquestionably makes it a condition of liability on the part of the master for negligence that the servant shall establish, not alone that the master has neglected some duty which he owed to the servant, but that the servant has not been guilty of any negligence contributing to the accident, for where the negligence of the servant contributes to the accident—where the accident would not have happened except for the negligence of the servant in conjunction with that of the master—he is the author of his own misfortune (Continental Im. Co. v. Stead, 95 U. S. 161, 165, 24 L. Ed. 403), and the requirement of the Constitution (article 1, § 6) that no person shall "be deprived of life, liberty or property without due process of law" forbids that an accident due to the contributing negligence of another shall be charged to the master. In other words, due process of law forbids that any man should be charged with responsibility for the act of another, unless the act is that of an agent or of one for whose conduct the master is answerable by reason of the duty which he owes to the servant or another.

It may be that it is competent for the Legislature to so amend the common law as to make the master liable where he has been negligent, even though the servant contributes to the accident by his own negligence; but it is sufficient for the present to know that the Legislature has not yet attempted this encroachment upon the common-law rights of the master. Even the Employers' Liability Act makes it a condition of recovery that the employé shall himself be "in the exercise of due care and diligence *at the time*," and while the plaintiff attempts to assert a cause of action under this statute the pleadings show that it is merely a common-law action; the basis of liability being not a "defect in the condition of the ways, works, or machinery connected with or used in the business of the employer," but a failure on the part of the employer to provide proper guards around the machinery, under the provisions of section 81 of the Labor Law (Consol. Laws 1909, c. 31), in no manner modifying the common law in so far as the question here involved is concerned. The requirement of the Employers' Liability Act (Consol. Laws 1909, c. 31, § 200) that the employé shall be "in the exercise of due care and diligence at the time" is merely a codification of the common law in this particular, and is

a condition precedent to any right of recovery. The plaintiff recognized this by pleading that the decedent was "without fault or negligence on his part," that the accident resulted "solely by reason of the negligence of the defendant and its disregard of its duty," etc. If it is necessary to establish the fact that the employé was "in the exercise of due care and diligence at the time," then this requirement cannot be met by proof that the plaintiff's intestate was believed to be "ordinarily cautious" by one of the witnesses called by the plaintiff, for it would have no possible tendency to establish this material fact.

In discussing a grade crossing accident the United States Supreme Court made the following pertinent observations:

"On the other hand, those who are crossing a railroad track are bound to exercise ordinary care and diligence to ascertain whether a train is approaching. They have, indeed, the greatest incentives to caution, for their lives are in imminent danger if collision happen; and hence it will not be presumed, without evidence, that they do not exercise proper care in a particular case. But notwithstanding the hazard, the infirmity of the human mind in ordinary men is such that they often do manifest a degree of negligence and temerity entirely inconsistent with the care and prudence which is required of them—such, namely, as an ordinarily prudent man would exercise under the circumstances. When such is the case, they cannot obtain reparation for their injuries, even though the railroad company be in fault. They are the authors of their own misfortune." Continental Improvement Co. v. Stead, 95 U. S. 161, 165 (24 L. Ed. 403).

In the case at bar there appears to have been no eyewitness, and the rule has long been recognized that less evidence was necessary to establish the absence of contributory negligence than would be required if the party had been injured instead of killed; but it has never yet been held that there was a case for the jury where there was absolutely no evidence of care on the part of the person killed, and in the case now before us there is no evidence of the necessary fact unless it is afforded by this opinion of a friendly witness that at times before the accident the deceased had exercised ordinary caution. How this could possibly be made to furnish evidence of what occurred at the time of the accident it is beyond me to discover, and I am in favor of a reversal of the judgment because it is error to permit of such testimony, and this court has no power or authority to change the rules of law; that is a responsibility which the legislative department of the government must assume.

SMITH, P. J. (dissenting). I do not agree that this case should be reversed for the admission of evidence as to the fact that the intestate was ordinarily cautious in working around the mill.

The exhaustive discussion of Judge Vann in Zucker v. Whitridge, 205 N. Y. 50, 98 N. E. 209, 41 L. R. A. (N. S.) 683, leaves little to be stated upon the condition of the law in this state. The competency of this class of evidence has not here been determined. In the Parsons Case, referred to in the prevailing opinion, this court determined that specific instances of care could not be shown. In the Zucker Case the court came to the conclusion that a habit of carefulness was not admissible where there were eyewitnesses to the accident. This conclusion was reached by reason of the inconvenience of

presenting so many issues to a jury of which the adversary could have no notice. The relevancy of the evidence seems to be assumed. There are substantial authorities cited in the Zucker Case holding that, where there is no eyewitness to the accident which caused the death of plaintiff's intestate, such evidence is competent. It should at least, in my judgment, be held competent where the law places the burden upon the plaintiff of proving the want of contributory negligence in the deceased as a part of his case. That requirement is practically based upon a presumption of negligence which must be overcome before a plaintiff can recover. As against a party representing a deceased intestate, if that presumption be held and there are no eyewitnesses to the accident, it seems to me that common humanity should leave the court to permit the relevant testimony as to the general habit of the deceased in exercising care under similar circumstances. I therefore dissent.