HELEN MURPHY, as Administratrix, etc., of JOSEPH MURPHY, Deceased, Respondent, v. STANLEY COURT REALTY AND CONSTRUCTION COMPANY, Appellant.

*Negligence — judgment on first trial in favor of plaintiff reversed and new trial ordered — evidence on present trial essentially same and no more favorable to plaintiff — judgment in favor of plaintiff reversed and complaint dismissed.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Bronx county clerk's office on March 27, 1925, upon the verdict of a jury for $27,865, and also from an order entered the same day denying the defendant's motion for a new trial.

PER CURIAM: The material testimony at the last trial was essentially the same as that given on the first trial, and was no more favorable to the plaintiff. For the reasons stated in our unanimous opinion on the former appeal (*Murphy v. Stanley Court Realty & Construction Co.*, 211 App. Div. 26) we are of the opinion that the plaintiff has failed to show any actionable negligence on the part of the defendant justifying a recovery by plaintiff of damages for the death of her intestate. The judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs. Present — Dowling, Merrell, McAvoy and Martin, JJ. Judgment and order reversed, with costs, and complaint dismissed, with costs.

---

ERNEST JOBMAN, Respondent, v. T. HOGAN & SONS, INC., Appellant.

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the New York county clerk's office on June 25, 1924, upon the verdict of a jury for $1,500, rendered after a trial at the New York Trial Term, and also from an order entered on August 18, 1924, denying a motion for a new trial.

Judgment and order affirmed, with costs, pursuant to section 106 of the Civil Practice Act. Present — Clarke, P. J., Dowling, Merrell, Finch and McAvoy, JJ.; Clarke, P. J., and Dowling, J., dissent.

DOWLING, J. (dissenting): I dissent upon the ground that, in my opinion, the record fails to disclose any proof of negligence on the part of the defendant, and, further, because of the error of the court in charging as a matter of law that witnesses employed by Hogan & Sons, Inc., and not connected in any way with the happening of the accident, were interested witnesses. (*Hoffman v. Florida East Coast Hotel Co.*, 187 App. Div. 146.)    Clarke, P. J., concurs.