## (February 24, 1953.)

JAMES DOYLE, Appellant, v. CITY OF NEW YORK, Respondent.

*Per Curiam.* The judgment entered upon a jury verdict in favor of the defendant in this case must be reversed and a new trial ordered because of the improper conduct of counsel for the defendant.

Plaintiff sustained serious injuries when run over by a subway train. The issues in the case were the alleged negligence of the operator of the train in not observing plaintiff in the roadbed and stopping the train in time to avoid the accident and the alleged contributory negligence of the plaintff in being upon the tracks. It was, of course, for the jury to determine the credibility of the plaintiff's wholly uncorroborated testimony of how he came to be upon the tracks in front of a moving train. But counsel for the defendant alternately contended, suggested and insinuated that plaintiff was a chronic alcoholic and drug addict, and fell from the subway platform because of that condition. The testimony for plaintiff of the doctors who received and treated plaintiff at the hospital after the accident tended, so far as definitive diagnosis was concerned, to negate defendant's claim that plaintiff was a drug or alcoholic addict or under such influence at the time of the accident. Accordingly, on this record, it was error not to grant plaintiff's motion to eliminate that part of the hospital record containing a history which was shown to be hearsay from unidentified persons (*Dougherty* v. *City of New York*, 267 App. Div. 828, affd. 295 N. Y. 786).

Persistence of defendant's counsel in asking questions to which objections were made and sustained in an effort to get before the jury matters that were prejudicial and improper, and defendant's counsel's equally persistent efforts to insinuate without proper proof that plaintiff was a chronic drug addict and alcoholic and under such influence at the time of the accident, passed the bounds of propriety. Defendant's counsel also brought unadmitted evidence to the attention of the jury despite the court's admonition. While many of the objectionable questions were excluded, defendant's counsel flaunted the court's rulings and not only got in some improper evidence but attempted to give many impressions which were inadmissible, including improper comment in summation which was allowed to stand.

The learned trial court should have charged at plaintiff's request that the motorman was an interested witness (*Noseworthy* v. *City of New York*, 298 N. Y. 76, 79). There was also error in the questioning of the witness called by defendant, Margaret Doyle, with whom plaintiff was living, concerning *her* drug addiction and arrests, as a basis for showing that plaintiff was also a drug addict.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

Peck, P. J., Dore, Callahan and Van Voorhis, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.