Benjamin Brenner, J.
The plaintiff claims prejudicial error for allowing evidence upon trial of his repeated falls elsewhere *179 prior to the instant accident, though the jury was instructed that it may consider such prior incidents for the sole purpose of evaluating the manner in which plaintiff moved about relative to his long-existing cerebral palsy condition.
It seemed to me during trial, as it does now, that the rule which excludes evidence of prior accidents, except upon proof of similarity of circumstances (Flansburg v. Town of Elbridge, 205 N. Y. 423) and evidence of a person’s habitual conduct (Noonan v. Luther, 206 N. Y. 105; Grenadier v. Surface Transp. Corp., 271 App. Div. 460; Gibson v. Casein Mfg. Co., 157 App. Div. 46) is altogether inappropriate to the present situation.
Plaintiff could, of course, offer evidence of his prior falls to show that he was not himself guilty of contributory negligence or that he exercised that degree of care which a reasonably careful person, having a similar handicap, would exercise in like circumstances; and in an appropriate situation, a plaintiff could conceivably offer such proof to establish failure of a defendant to exercise care because of a conscious disregard of an obvious danger inherent in his abnormal movement as a handicapped person. But it was not the plaintiff who offered the evidence, nor is either of these objectives involved here. Certainly the defendant Seaberg did not wish to show plaintiff’s prior falls to help the latter establish exercise of care commensurate with his handicap. That evidence was undoubtedly offered to raise the inference that plaintiff fell due to his handicap and not to the defendant’s negligence.
To be sure, the evidence could, and obviously did in this case, influence the jury to ascribe plaintiff’s fall to his own physical instability. Yet, was not the jury similarly influenced by plaintiff’s own medical testimony, given on cross-examination, in which the doctor described plaintiff’s very condition of cerebral palsy ? Did not such descriptive testimony make plain to the jury that because of the nature of the malady, involving, as it did, brain damage, that plaintiff suffered from spasticity, restriction, contraction of muscles and irregularity of bodily movements which prevented normal gait and produced in him a tendency to fall? Surely, this testimony, out of the mouth of his own medical expert, quite properly did raise the inference in the mind of the jury that the plaintiff fell, not because of defendant’s operation of a dangerous and nonleveling elevator, but because he moved in such awkward manner that it was natural for him to fall and to trip even if the nonleveling was inconsequential and nonhazardous. However, this medical testimony was directly related to the malady and was, therefore, admissible despite the damaging and adverse inferences it raised.
*180 The problem, therefore, is not as plaintiff contends, whether the proof of prior falls is inadmissible because it needed to rest on evidence of similar conditions, but whether, as plaintiff, also contends, they were sufficiently related to the handicap. While proof of each of plaintiff’s prior falls was accompanied by some factual explanation which appeared to exclude negligence on the part of anyone, they were not shown to be sufficiently related to plaintiff’s cerebral palsy condition. Here, plainly, lay my error, for, had evidence of such connection been forthcoming, a fair inference of falls due to plaintiff’s handicap, rather than to defendant’s negligence, would be proper and no more prejudicial than the quite similar inference draAvn from the testimony by plaintiff’s doctor concerning his disease, its nature and consequences. Hence I am constrained to believe that I did commit prejudicial error entitling the plaintiff to a new trial.
It is the defendant’s major premise that testimony of prior falls or prior accidents involving falls was essential and admissible to contradict the abundant evidence offered in plaintiff’s behalf that the latter was capable of near normal movement despite his cerebral palsy condition. It would seem that the underlying motivation behind this argument is that all evidence, inclusive of prior falls, concerning plaintiff’s movements prior to the accident, would be helpful to the jury for its proper assessment of damages, that is, to permit the jury to determine to Avhat extent his present incapacity is due to the injuries sustained and to what extent to the prior existing ailment. No fault could be found with this argument if the prior falls were properly connected or related to the cerebral palsy condition. Unfortunately they were not, so that there is no valid basis, even on the question of damages, for the jury to evaluate the evidence of prior falls. In the absence of such connection the jury may well have been persuaded that the prior falls were an indication that there was nothing wrong with the elevator on the day in question but rather that plaintiff fell because of his incapacity.
Rawls v. American Mut. Life Ins. Co. (27 N. Y. 282), cited by defendant, is inapposite since the evidence there involved no inferences but was offered to prove the prior good health of the insured which was directly related to and was determinative of the litigated issue, namely, the validity of the policy.
Plaintiff’s motion to set aside the verdict in favor of the defendant Forty-five Nevins Street Corporation is, therefore, granted and a neAv trial as to that defendant is fixed for June 4, 1962.