JOHN H. PETERSEN, Respondent-Appellant, v. FORTY-FIVE NEVINS STREET CORPORATION, Appellant, CHARLES F. NOYES CO., INC., Respondent-Appellant, and SEABERG ELEVATOR CO., INC., Respondent.— In a negligence action to recover damages for personal injury sustained by plaintiff in a building when he tripped and fell while alighting from a self-service passenger elevator which had stopped below the floor level, in which the three defendants are the building owner, Forty-Five Nevins Street Corporation; the building agent, Charles F. Noyes Co., Inc.,; and the elevator maintenance company, Seaberg Elevator Co., Inc.; in which the owner and the agent interposed a cross claim against the maintenance company and the latter interposed cross claims against the owner and agent, the parties cross-appeal as follows from an order and judgment of the Supreme Court, Kings County, entered respectively May 10, 1962 and October 11, 1962 after a jury trial: (1) The owner appeals: (a) from the order, made upon the decision of the court (36 Misc 2d 178), which granted plaintiff's motion and which set aside the jury's verdict in the owner's favor and directed a new trial as between the owner and the plaintiff; and (b) from so much of the judgment as dismissed the owner's cross complaint against the maintenance company Seaberg. (2) The agent Noyes appeals from so much of the judgment as dismissed its cross complaint against the maintenance company Seaberg. (3) The plaintiff appeals from so much of the judgment as dismissed the complaint against the agent Noyes and as awarded judgment to the maintenance company Seaberg upon the court's directed verdict in

its favor. Order reversed on the law and the facts, without costs; plaintiff's motion to set aside the verdict as to the owner, Forty-Five Nevins Street Corporation, denied; verdict insofar as it is in favor of said owner, reinstated; and amended judgment directed to be entered accordingly in favor of the owner against the plaintiff, without costs. Judgment, insofar as appealed from by the respective parties, affirmed, without costs. In our opinion, the trial court erred in setting aside the verdict on the ground stated in its decision (36 Misc 2d 178, 180), namely: that it had erroneously permitted the introduction by defendants of evidence concerning the plaintiff's prior falls. Such evidence was properly received because plaintiff's alleged damages included a permanent gait impairment; and plaintiff contended that he walked more or less normally before the accident (*Miller* v. *City of New York,* 286 App. Div. 1033, mot. for lv. to app. den. 1 N Y 2d 643). In addition, on this record the defendant owner may not be held responsible for plaintiff's injuries, since it did not have the right either to exclude people from or to admit people into the subject premises. Under these circumstances, the defendant owner did not have possession and control of the elevator, sufficient to cast it in tort liability to plaintiff, even though it was required to maintain, repair and inspect it (*Stein* v. *Pershing Sq. Bldg. Corp.,* 191 Misc. 30, affd. 275 App. Div. 831, affd. 300 N. Y. 665). Hence, any error in the admission of evidence would have been immaterial in any event (*Leone* v. *Rybar Realty Corp.,* 5 A D 2d 871). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.