■ LIZETTE SAMUEL, an Infant, by Her Father and Natural Guardian, WILLIE SAMUEL, et al., Appellants, v. FRANK PORCHIA, Respondent.— In a negligence action to recover damages for personal injuries sustained by the

infant plaintiff and for medical expenses of the child's father, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered January 19, 1971, in favor of defendant upon a jury verdict at a trial of the issues of liability only. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The infant plaintiff, who was one year old at the time in question, was struck and injured by the front of defendant's ice cream truck when it was started up after serving plaintiffs and others in the street. She allegedly sustained severe and permanent injuries and a trial was had on the issue of liability. No witness saw the accident; and the testimony on both sides was uncontroverted. The plaintiff father testified that he walked to the side of defendant's truck, which was parked in the street, and bought ice cream for his two children, whom he held by the hand. He left the truck after completing his purchase and gave his children their ice cream. He said the infant plaintiff must have walked away from him, although he did not see her do so. He continued walking toward his house and then heard the screams of children. He saw the infant plaintiff on the street in front of the ice cream truck on the right side. The defendant testified that he had other customers after the plaintiff father and that when he finished serving everyone there was no one on the street. He went around the truck and saw no children on the street. He returned to his truck and started it up. At he started to move forward he heard a woman call out. He immediately applied his brakes and stopped. He got out and saw the infant plaintiff underneath the front of his truck up against the wheel which was "right on top" of her. Upon this evidence the jury found for defendant on the issue of liability. The conclusion is inescapable that defendant's vehicle struck the infant plaintiff while moving forward from its parked position in the street. In view of the absence of any eyewitness at the trial and the infant plaintiff's inability to tell what happened, we find the trial court erred in charging the jury that the plaintiff father was not only negligent but "stupid, careless and an idiot to permit a child of that age to wander off." True, the court in formal language instructed the jury that the father's negligence could not be attributed to the child and that the only question was the negligence of defendant, but these biting comments coming from an impartial and guiding source, in the circumstances disclosed may very well have influenced the jury in resolving the issue of credibility in favor of defendant. It should also be noted that the court committed error in not permitting plaintiffs' counsel to object during his opponent's summation. In our opinion the interests of justice require a new trial free from any possible improper influence (*Habenicht* v. *R.K.O. Theatres,* 23 A D 2d 378, 380). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.