■ JOHN J. COLEMAN, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Judgment, Supreme Court, New York County, entered on January 28, 1972, in plaintiff's favor in this negligence action after a jury trial on the issue of liability only, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The Trial Justice did not charge, as stated in the dissent, that "all employees, even those no longer in the employ of the defendant, were interested witnesses." He did correctly charge that Sigreti, even though he is no longer in defendant's employ, was an interested witness. Sigreti was concededly an interested witness. He was the motorman charged with the negligence which caused the injuries. All the other witnesses called by the defendant were employees of the defendant or of the City of New York not only at the time of the accident, but also at the time they testified. We hold that in this case, given the nature of their testimony, i.e., mainly concerning undisputed facts, such as dimensions of the subway station platform, visibility, train stopping distances, point of impact and observations of plaintiff's physical appearance, it was not reversible error to charge that these witnesses were interested. (See Jobman v. Hogan & Sons, 216 App. Div. 736, affd. 243 N. Y. 581.) Sigreti was the only witness who testified concerning the point at which he first saw the plaintiff lying on the tracks. This seems to have been the principal issue in dispute. We make the observation that in analagous situations it is preferable that the trial court leave it to the jury to determine whether the relation of employer and employee has a tendency to bias the witness in defendant's favor instead of charging that the employee is an interested witness solely because of the relationship. (See Hoffman v. Florida East Coast Hotel Co., 187 App. Div. 146, 151.) Concur — Markewich, Nunez, Kupferman and Murphy, JJ.; McGivern, J. P., dissents in the following memorandum: Regretfully, I would reverse and grant a new trial. In my view, fundamental error was committed when the Trial Judge categorically charged that "all employees", in the employ of the defendant, were interested witnesses. To be exact, the court charged: "The witnesses, all employees, including Sigreti, even though he's no longer in the employ of the Transit Authority, is an interested witness because he's charged with the negligence." And an exception was properly taken in the following language: "Mr. Zelensky: And I also take exception to that part of your Honor's charge, most respectfully, where your Honor charged the jury that the witnesses who testified here on behalf of the Transit Authority are interested witnesses and when your Honor put a special emphasis upon Mr. McCafferty that he works for them and he's an interested witness. The Court: I so charged the jury that he is an interested witness." In a case as close as this, where it appears that except for reaction time in applying brakes, the human element played no role, and the ability of the car to stop was based on purely mechanical function, previously fully determined, it would carry permissiveness too far, if we were to regard this charge as insubstantial error. The disadvantageous effect of this charge, when placed in relation to the testimony of plaintiff's and defendant's expert witnesses, bearing upon the mechanical ability of the subway car to stop in time, becomes readily apparent. In short, the charge prejudicially encouraged as a matter of law, a readier rejection of the testimony of Motor Instructor McCafferty, a knowledgeable public employee, as against the testimony of Doty, a former motorman, who was paid for his testimony by plaintiff. Thus, I find no sanction for such a charge in the precedents. (To the contrary,

*Noseworthy* v. *City of New York,* 298 N. Y. 76, 80; *Hoffman* v. *Florida East Coast Hotel Co.,* 187 App. Div. 146, 151; *Della Croce* v. *City of New York,* 3 A D 2d 920.) And the case relied on by the majority gives no support to their conclusion. That case, *Jobman* v. *Hogan & Sons* (216 App. Div. 736) involved the following charge: " Witnesses called by the defendant in this case who are still employed by Hogan & Son, have an interest only in so far as their employment is concerned ". That charge was not given here. Furthermore, the case is of dubious value, because the Appellate Division (216 App. Div. 736) was silent, and the Court of Appeals was equally sphinx-like. (*Cf.* Memorandum, 243 N. Y. 581.) I point out also the verdict at issue was only $1,500, in contrast with the vast potential of a verdict in the instant case. Lastly, I advert to *Doyle* v. *City of New York,* 281 App. Div. 821, wherein this court, under strikingly similar factual circumstances, did not hesitate to order a new trial because of trial errors, not accepted as harmless.