■ Rocco Levo et al., Respondents, v Martha B. Greenwald, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant, and Roy C. Claydon et al., Third-Party Defendants. Charles Diggins, Third-Party Defendant-Appellant. — Appeal from an order of the Supreme Court, entered December 15, 1983 in Saratoga County, which, *inter alia,* set aside a verdict in favor of third-party defendant Charles Diggins rendered at Trial Term (Amyot, J.), and granted defendant Martha B. Greenwald a new trial on her third-party complaint against Diggins.

At issue on this appeal is whether the trial court abused its discretion when it granted the motion of defendant Martha B. Greenwald (hereafter defendant) to set aside a verdict of no cause of action on the third-party claim against Charles Diggins (hereafter third-party defendant) and ordered a new trial. The trial court concluded that a new trial was required since it had erred during the trial in precluding defendant from attempting to impeach the third-party defendant's expert witnesses by establishing that the State, which employed the experts and the third-party defendant, was obligated to indemnify the third-party defendant for any liability arising out of his negligence committed in the scope of his employment (Public Officers Law, § 17). We conclude that the order should be reversed and the motion to set aside the verdict denied.

While employed as part of a work crew for the State Department of Transportation which was repairing a portion of an exit ramp on the Northway, plaintiff Rocco Levo (hereafter plaintiff) sustained severe permanent injuries when he was struck by a vehicle operated by defendant. According to an eyewitness traveling behind defendant's vehicle, that vehicle was proceeding southerly in the middle of three driving lanes when it suddenly swerved into the left lane, then veered to the right across the middle and right lanes, striking plaintiff and a State vehicle. Plaintiff and his wife sued defendant and General Motors on the theory that the accident was caused by defendant's negligence and/or a defect in her vehicle. Defendant impleaded plaintiff's

co-workers, alleging that inadequate safety precautions had been taken to protect the work crew from traffic. The third-party claim was ultimately discontinued as to all members of the work crew except the supervisor, the third-party defendant. At trial the jury returned a substantial verdict in favor of plaintiff, finding defendant 100% responsible for the accident. The jury found no cause of action on the third-party claim. Defendant's posttrial motion to set aside the verdict as to the third-party defendant was granted and this appeal by the third-party defendant ensued.

In setting aside the verdict and ordering a new trial herein, the trial court acted in the interest of justice pursuant to the authority vested in it by CPLR 4404 (subd [a]). As this court explained in *Matter of De Lano* (34 AD2d 1031, 1032, affd 28 NY2d 587): "A motion for a new trial under CPLR 4404 (subd [a]), on the ground of being in the interest of justice, encompasses errors in rulings on admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence and surprise, the question the Trial Judge must decide being whether substantial justice has been done — i.e., whether it is likely that the verdict has been affected". This power is discretionary in nature and the trial court's exercise of that power is, like other matters of discretion, reviewable by this court (*Micallef v Miehle Co.*, 39 NY2d 376, 381).

Defendant claims that proof of the State's obligation to indemnify the third-party defendant, a State employee, was essential to establish that the third-party defendant's expert witnesses, also State employees, had a potential interest in the outcome of the third-party claim and that their testimony may have been biased. While the scope of the evidence that can be introduced to discredit a witness may, under certain circumstances, be broad enough to encompass the type of proof offered by defendant herein (see *Coleman v New York City Tr. Auth.*, 37 NY2d 137; *Di Tommaso v Syracuse Univ.*, 172 App Div 34, affd 218 NY 640), we are of the view that the trial court's exclusion of the proof in this case does not justify the exercise of the discretionary power to set aside the jury's verdict and order a new trial. The existence of the coemployee relationship between the third-party defendant and his expert witnesses was revealed to the jury on several occasions, and the relationship was emphasized by counsel during his summation, as was the fact that the third-party defendant was being represented by the Attorney-General. Disclosure of the State's obligation to indemnify would, therefore, merely have been cumulative of evidence already presented on the question of the experts' credibility, a collateral issue. Such

disclosure may have served to confuse the jury, and the possible prejudice to both the third-party defendant and the State, a nonparty, is obvious. It is also noteworthy that one of the experts was questioned as to whether he was familiar with section 17 of the Public Officers Law or its provisions, to which he responded in the negative.

With these circumstances prevailing, we conclude that the trial court abused its discretion in setting aside the verdict of no cause of action on the third-party claim and ordering a new trial of that claim.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane and Casey, JJ., concur.

Levine and Harvey, JJ., dissent and vote to affirm in the following memorandum by Harvey, J. Harvey, J. (dissenting). We respectfully disagree with the majority. Although they appear to have tacitly agreed that evidence of the State's interest in the verdict would have been lawful, if admitted, they conclude that, under all the circumstances of the trial, the court's error was not sufficiently prejudicial to defendant Martha B. Greenwald (hereafter defendant) on her claim against Charles Diggins (hereafter third-party defendant) to warrant a new trial. They suggest that because the third-party defendant was represented at trial by the Attorney-General and because the expert witnesses who testified on his behalf were described as coemployees of the State, the issue of credibility of the expert witnesses was amply raised. The majority concludes, therefore, that evidence of the State's interest in the case would only have been cumulative.

The fact that a witness may have an interest in the outcome of the litigation is highly material to the jury's assessment of that witness's credibility (65 NY Jur, Witnesses, § 71, pp 233-234). Whether the fact that a witness is employed by a party having an interest in the litigation is sufficient to render that individual an interested witness is itself a question for the jury (*Coleman v New York City Tr. Auth.*, 41 AD2d 812, affd 37 NY2d 137). It is widely accepted that whether a witness has a personal interest in the outcome of the litigation is a factor that the jury must be made aware of in order to adequately perform its unique duty of weighing the evidence and assessing the credibility of witnesses (*Calandra v Norwood*, 81 AD2d 650, 651; *Dobro v Village of Sloan*, 48 AD2d 243, 247-248, app dsmd 37 NY2d 804; Richardson, Evidence [10th ed], § 503, pp 490-491; see 8 Carmody-Wait 2d, NY Prac, § 56:75, p 162). We can perceive no reason why it is necessary to relegate defendant to the role of

relying on jury astuteness in inferring from innuendo that the third-party defendant's experts were employees of the real party in interest.

It appears obvious that the trial court's original reluctance to admit evidence of the State's interest in the case, and the reason its admission was opposed by the Attorney-General, was the fear that the jury would be influenced by such disclosure to the extent that it would make an unwarranted determination of liability in favor of defendant on her third-party claim. In a comparable situation, it has long been the law of this State that disclosure of the existence of liability insurance coverage should not be permitted. That rule is not inflexible, however, and evidence of insurance is permissible if it is relevant to a significant issue in the case (*Oltarsh v Aetna Ins. Co.*, 15 NY2d 111, 118; *Leotta v Plessinger*, 8 NY2d 449, 461-462).

It appears from the transcript that the predominant issue, if not the only issue, to have been decided by the jury was the question of which safety standards should have been adopted. In that regard the State employee experts testified in contradiction to the testimony of defendant's experts. Credibility of the expert testimony had to be weighed. Because it is common knowledge that motorists must have liability insurance, it is fair to assume that the jury concluded that defendant's insurance company, in its own self-interest, paid their expert witnesses. To deny the jury the concomitant knowledge that the third-party defendant's experts testified in the self-interest of the State of New York precluded the consideration of a most important factor in determining the weight to be given to their opinions. In view of the peculiar circumstances of this case, we conclude that admission of the offered evidence and a proper charge based thereon would have protected the rights of defendant without prejudice to the third-party defendant.

Accordingly, we would affirm Trial Term's order and grant a new trial on the third-party complaint.