■ HAROLD NIEDELMAN, Individually and as Father and Natural Guardian of JEFFREY S. NIEDELMAN and Another, Infants, Appellant, v JAMES W. JACOBY et al., Respondents.— In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Buell, J.), entered October 2, 1985, which is in favor of the defendants and against them, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiffs contend on this appeal that the trial court's charge with respect to the contentions of the parties was erroneous insofar as it instructed the jury that the defendants were claiming that the plaintiffs "caused the accident by failing to exercise due care in proceeding into the intersection without looking and without observing what there was to be seen". According to the plaintiffs, there was no evidence to support this argument, and, in any event, the defendants had never raised it. We disagree. The testimony of both the defendant Jacoby and a police officer, Sergeant Tortorello, supported the quoted contention, and it was argued, as an alternative defense, in the summation of the defendants. The court's charge was therefore proper (see, Green v Downs, 27 NY2d 205; Rosenberg v Rixon, 111 AD2d 910).

We also find no error in the court's charge on the issue of infancy (see, PJI 2:23, 2:48). In any event, the plaintiffs failed to preserve this issue of law for appellate review in that they failed to clearly take objection to this portion of the charge (see, Grzesiak v General Elec. Co., 68 NY2d 937). Also unpreserved are the plaintiffs' contentions with respect to the charge on skidding and the alleged limitations placed upon the testimony of their expert witness.

As for the court's charge concerning Vehicle and Traffic Law § 1232 (b), which prohibits the use of a bicycle to carry more passengers than it was designed for, we agree with the plaintiffs that the court should have included an instruction that the violation, in order to constitute culpable conduct, must have caused or contributed in a material way to the happening of the alleged accident (see, 1 NY PJI2d 191; PJI 2:35). However, since the jury never reached the question of the plaintiffs' culpable conduct, the omission was clearly harmless (see, Chodos v Flanzer, 109 AD2d 771).

Contrary to the plaintiffs' contention, the jury verdict was not against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129).

We have reviewed the plaintiffs' remaining arguments and have determined that they are without merit. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.