■ JAMEL BOWE, an Infant, by His Mother and Natural Guardian, WILLIE BOWE et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated May 8, 1985, which affirmed a judgment of the Civil Court of the City of New York, Kings County (Tavormina, J.), dated April 3, 1984, which is in favor of the respondent and against them upon a jury verdict.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the holding of the Appellate Term that the plaintiffs' objections to the admission of expert testimony concerning the infant plaintiff's coordination problems, as well as objections to the trial court's failure to instruct the jury as to the infant plaintiff's *non sui juris* status, were moot, as these issues relate solely to the questions of proximate cause and comparative negligence, which question the jury necessarily did not reach in view of its finding that the city had not been negligent in maintenance of the sidewalk and water cap upon which the infant plaintiff fell *(see, Niedelman v Jacoby,* 127 AD2d 640).

We would note that, in any event, the Civil Court properly exercised its discretion in ruling that a special education teacher and "evaluator" was qualified to testify as an expert with regard to the infant plaintiff's coordination problems. A determination as to a witness's qualifications to testify as an expert rests in the discretion of the trial court, and its determination will not be disturbed in the absence of serious mistake, an error of law, or an abuse of discretion *(see, Werner v Sun Oil Co.,* 65 NY2d 839; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *Karasik v Bird,* 98 AD2d 359). In the instant case the expert was well qualified by reason of his skill, training, education, knowledge and experience to answer the questions put to him. Moreover, testimony regarding the infant plaintiff's coordination and psychomotor problems was both relevant and admissible on the issue of causation of the accident. *(see, Petersen v Forty-Five Nevins St. Corp.,* 36 Misc 2d 178,

*revd on other grounds* 22 AD2d 960, *affd* 17 NY2d 885; *Lipinsky v City of New York,* 8 AD2d 600).

The plaintiffs' remaining contentions with respect to the trial court's jury charge are either unpreserved for appellate review or without merit. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.