RICKEY E. DANIELS, Appellant, v JOSEPH P. DEPASQUALE et al., Defendants, and ERIE PAINTING & MAINTENANCE, INC., Respondent. (Appeal No. 2.) [829 NYS2d 374]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Christopher J. Burns, J.), entered June 14, 2006 in a personal injury action. The order and judgment, upon a jury verdict, dismissed the second amended complaint against defendant Erie Painting & Maintenance, Inc.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained in a chain-reaction automobile accident. The accident occurred when a traffic sign placed by defendant Erie Painting & Maintenance, Inc. (EPMI) blew into plaintiff's lane of travel, causing the vehicle directly in front of plaintiff to stop. Plaintiff's vehicle was rear-ended by a vehicle driven by defendant Joseph P. DePasquale, and plaintiff's vehicle then struck the vehicle directly in front of it.

Supreme Court properly denied that part of plaintiff's motion seeking to set aside the verdict as against the weight of the evidence insofar as the jury found that EPMI was not negligent. A fair interpretation of the evidence supports that part of the verdict (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]), and the conflicting expert opinions raised issues of credibility that the jury was entitled to resolve in EPMI's favor (*see Guthrie v Overmyer*, 19 AD3d 1169, 1170 [2005]; *Osinski v Taefi*, 13 AD3d 1205, 1207 [2004]). We conclude that any error in the court's refusal to charge 17 NYCRR 301.2 (a) (3) in conjunction with PJI 2:29 is harmless (*see Spinelli v Licorich*, 24 AD2d 172, 173-174 [1965], *affd* 19 NY2d 614 [1967]). Finally, plaintiff's contention that the court erred in admitting the testimony of an accident reconstruction expert with respect to the sequence of the accident is moot. That testimony has no relevance to EPMI's negligence but, rather, concerns only the jury's apportionment of fault between plaintiff and a different defendant (*see generally Theodosiou v CLD Transp. Co.*, 147 AD2d 692 [1989]; *Bowe v City of New York*, 128 AD2d 495 [1987]). Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.