C.T. v Board of Educ. of S. Glens Falls Cent. Sch. Dist. (2020 NY Slip Op 00023)





C.T. v Board of Educ. of S. Glens Falls Cent. Sch. Dist.


2020 NY Slip Op 00023


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528390

[*1]C.T., Individually and as Administrator of the Estate of J.T., Decedent, et al., Appellants-Respondents,
v
Board of Education of South Glens Falls Central School District, Respondent-Appellant.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


O'Brien & Wood, PLLC, Albany (Ryan M. Finn of counsel), for appellants-respondents.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John D. Wright of counsel), for respondent-appellant.



Devine, J.
(1) Cross appeals from a judgment of the Supreme Court (Crowell, J.), entered August 2, 2018 in Saratoga County, upon a verdict in favor of defendant, and (2) appeal from an order of said court, entered August 12, 2018 in Saratoga County, which denied plaintiffs' motion to set aside the verdict.
Plaintiffs' son (hereinafter decedent) was 13 years old when he committed suicide at the family residence in April 2015. A suicide note was found several weeks later that suggested decedent killed himself because he could no longer deal with bullying by other children. Plaintiffs came to believe that this bullying had occurred while decedent was attending school in the South Glens Falls Central School District, prompting them to commence this action for negligent supervision and wrongful death. Plaintiffs discontinued their claims against all but defendant at trial and, at the end of that trial, a jury found that defendant was negligent but that its negligence was not a substantial factor in causing decedent's injuries. Plaintiffs then moved, unsuccessfully, to set aside the verdict as inconsistent and against the weight of the evidence. Plaintiffs appeal from the order denying that motion and from the judgment entered upon the jury verdict.[FN1]
We affirm. Plaintiffs argue that the verdict was inconsistent in that the jury found defendant to be negligent while not finding that negligence to be a proximate cause of decedent's pain, suffering and death. Although plaintiffs failed to raise that issue before the jury was discharged, we may nevertheless consider it within the context of their posttrial motion to set aside the verdict (see Winter v Stewart's Shops Corp., 55 AD3d 1075, 1076 n [2008]; Lockhart v Adirondack Tr. Lines, 305 AD2d 766, 767 [2003]). In that regard, "[a] jury's finding that a party was at fault but that [such] fault was not a proximate cause of [decedent's] injuries is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Adami v Wallace, 68 AD3d 1397, 1398 [2009] [internal quotation marks and citations omitted]; see Durrans v Harrison & Burrowes Bridge Constructors, Inc., 128 AD3d 1136, 1139 [2015]). We will, in making that assessment, "defer to the jury's credibility determinations and view the evidence in the light most favorable to the nonmoving party to determine whether any fair interpretation of the evidence will support the verdict" (Adami v Wallace, 62 AD3d at 1398-1399; see Killon v Parrotta, 28 NY3d 101, 108-109 [2016]; Salovin v Orange Regional Med. Ctr., 174 AD3d 1191, 1192 [2019]).
At trial, plaintiffs testified that decedent's mood had darkened in the months before his suicide and that, during that period, he had experienced unpleasant incidents with children outside of school and was worried about academic issues. They also acknowledged that decedent had just returned to school from a family vacation on the day of his suicide, appeared to be in good spirits and had not indicated that he was being bullied at school. Several of decedent's classmates testified and gave varying accounts as to whether they saw decedent being bullied at school in the period leading up to his death, as well as whether they alerted school officials to the bullying. In contrast, defendant's employees denied knowing that decedent was being bullied at school and further noted that he had not appeared upset and had not raised any concerns about bullying when he met with a school counselor on another issue in 2014. The conduct of defendant's employees was not blameless during this period — indeed, it appears that several minor incidents involving decedent provided missed opportunities for them to uncover what was going on — but the fact remains that the trial proof neither established the degree of the bullying that decedent received at school nor showed that defendant could have anticipated its impact upon him. Therefore, the jury could logically find that defendant was negligent by failing "to adequately supervise" decedent in some respects (Mirand v City of New York, 84 NY2d 44, 49 [1994]), but that the pain, suffering and suicide of decedent were not foreseeable consequences of that negligence (see Fuller v Preis, 35 NY2d 425, 428-429 [1974]; Stolarski v DeSimone, 83 AD3d 1042, 1044 [2011]). The issues of negligence and proximate cause were not inextricably interwoven as a result and, after viewing the evidence in the light most favorable to the nonmoving party, "we find that the evidence did not so preponderate in plaintiff[s'] favor that the jury's verdict could not have been reached on any fair interpretation of the evidence" (Salovin v Orange Regional Med. Ctr., 174 AD3d at 1194).
Plaintiffs next contend that Supreme Court erred in admitting proof of plaintiff R.T.'s comparative fault in granting decedent access to the hunting rifle that he used to commit suicide. This proof related to an affirmative defense that was withdrawn by stipulation before it was placed before the jury and was, moreover, irrelevant to the finding of the jury that defendant's negligence was not a proximate cause of decedent's injuries. Plaintiffs' argument regarding its admission is accordingly academic (see Daniels v DePasquale, 37 AD3d 1140, 1140 [2007]; Bowe v City of New York, 128 AD2d 495, 495 [1987]). In any event, defendant was free to introduce proof that R.T. breached his concurrent "duty to protect third parties from the foreseeable harm that results from [decedent's] improvident use of dangerous instruments" (Nolechek v Gesuale, 46 NY2d 332, 340 [1978]; see Klimek v Town of Ghent, 134 AD2d 740, 742-743 [1987], lv denied 71 NY2d 801 [1988]).
Finally, inasmuch as the jury necessarily determined that defendant had actual or constructive notice that other students were bullying decedent when it found defendant negligent, any error by Supreme Court in refusing to admit certain proof relating to the notice issue was harmless (see Fanek v City of Yonkers, 287 AD2d 683, 683 [2001]). The remaining contentions of the parties have either been rendered academic by the foregoing or lack merit.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the cross appeal is dismissed, without costs.
ORDERED that the judgment and order are affirmed, without costs.



Footnotes

Footnote 1: Defendant cross-appealed from the judgment but, inasmuch as "[a] party that disagrees with the rationale or findings of a court's decision, but is nonetheless awarded its sought relief, is not aggrieved," defendant's cross appeal must be dismissed (Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017]; see CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]).