■ PATRICIA F. BAKER, Individually and as Executrix of EDWARD C. BAKER, Deceased, Respondent-Appellant, v SPORTSERVICE CORPORATION, Appellant-Respondent. (Appeal No. 1.)— Judgment unanimously affirmed without costs. Memorandum: The issues of defendant's negligent maintenance of a loading dock and proximate cause were properly submitted to the jury *(see, Baker v Sportservice Corp.,* 142 AD2d 991). Upon our review of the record, we conclude that the evidence was sufficient to support the verdict and that the verdict is not against the weight of the evidence. We further conclude that the award of damages for wrongful death is not excessive. The jury was not bound by the testimony of plaintiff's economist and could have determined that plaintiff's decedent would have continued to work after he was 65 years old, or that the value of his services at home, which included carpentry, plumbing, and auto mechanics, was worth more than the economist's conservative estimate of $5 per hour. We decline to disturb the discretion of the trial court in setting aside the jury verdict of $500,000 for conscious pain and suffering as excessive. In our view, any award in excess of $50,000 for conscious pain and suffering would deviate materially from what would be reasonable compensation (CPLR 5501 [c]).

The court did not err by failing to admit a police report prepared by two officers who did not testify at trial. The personal observations of the officers on the scene contained in the report were cumulative to other evidence already before the jury, and the conclusions drawn by the officers about causation, to the extent that they were based upon conjecture and not personal observation, were not admissible *(cf., Stevens v Kirby,* 86 AD2d 391, 395). The court properly refused defendant's request to offer evidence of plaintiff's remarriage, because the remarriage of a widow may not be taken into consideration when computing damages in a wrongful death action *(see, Rodak v Fury,* 31 AD2d 816, 817). Although some of the comments made by plaintiff's counsel on summation were improper, they did not deprive defendant of a fair trial. The remaining issues raised by defendant were not preserved for appellate review. (Appeals from Judgment of Supreme Court, Erie County, Fudeman, J.—Negligence.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.