■ VILMA GOMEZ, Individually and as Administrator of the Estate of AUGUSTIN GOMEZ, Deceased, et al., Respondents, v PARK DONUTS, INC., Appellant. [671 NYS2d 103] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County

(Jacobson, J.), dated March 3, 1997, which, after a jury trial on the issue of liability only, granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict in favor of the defendant and directed a new trial on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment dismissing the complaint.

The complaint alleged that the defendant's negligence caused the plaintiff's decedent to slip and fall in the defendant's premises and to sustain injuries. After a trial on the issue of liability, the jury found that the defendant had been negligent, but concluded that its negligence was not a proximate cause of the injury. The court granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict, stating that it did so "in the interests of justice". We reverse.

A new trial should be granted in the interests of justice only if there is evidence that substantial justice has not been done (*see, Matter of De Lano*, 34 AD2d 1031, *affd* 28 NY2d 587), as would occur, for example, where the trial court erred in ruling on the admissibility of evidence, there is newly-discovered evidence, or there has been misconduct on the part of the attorneys or jurors (*see, Matter of De Lano, supra*). None of these factors exist here, and therefore the verdict should not have been set aside in the interests of justice.

Moreover, the verdict may not be set aside as against the weight of the evidence. "It is well settled that a verdict * * * should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Keegan v Prout*, 215 AD2d 629, 630; *see also, Nicastro v Park*, 113 AD2d 129, 134). Measured against this standard, the jury's verdict should not have been disturbed (*see, Pedone v B & B Equip. Co.*, 239 AD2d 397; *Nicastro v Park, supra*). Although at the time that the plaintiff's decedent fell it was raining outside, and an eyewitness testified to the accumulation of water and the absence of floor mats on the floor of the premises, the plaintiff's decedent at one point attributed his fall to the presence of what he thought was food or grease on the floor. Under these circumstances, the jury reasonably could have found that the defendant was negligent in allowing rainwater to accumulate, but that such negligence was not a proximate cause of the injuries to the plaintiff's decedent (*see, Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451). Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.