■ Rose Teneriello, Appellant, v Travelers Companies et al., Respondents. [695 NYS2d 372] —In an action to recover damages for employment discrimination, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Joseph, J.), dated April 7, 1998, which, upon the granting of the motion of the respondents Bill Sands, Agnes Maher, and Phyllis Page pursuant to CPLR 4401 for judgment dismissing the complaint as a matter of law, a jury verdict, and the denial of the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict in favor of the respondent Travelers Companies as against the weight of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly denied her motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park,* 113 AD2d 129, 133). A verdict should not be set aside unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *see, Nicastro v Park, supra,* at 134; *see also, O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431). In reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function

of the jury, as it is in the foremost position to assess witness credibility (*see, Salazar v Fisher,* 147 AD2d 470, 472).

Here, given the sharp issues of credibility presented by the trial testimony, the jury could have fairly determined that the plaintiff was not constructively discharged because of her age or in retaliation for filing a grievance alleging age discrimination (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Albero v Rogers,* 143 AD2d 246, 247; *Nicastro v Park, supra*). Accordingly, the Supreme Court's denial of the motion to set aside the verdict was proper.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and Schmidt, JJ., concur.