■ JOAN GRABOWSKI, Individually and as Executrix of STANLEY GRABOWSKI, Deceased, Respondent, v CITY CENTRE DEVELOPMENT COMPANY OF BUFFALO, L.P., et al., Defendants, and ROCHESTER INSULATED GLASS, INC., Appellant and Third-Party Plaintiff. CLAYTON B. OBERSHEIMER, INC., Third-Party Defendant-Appellant. (Appeal No. 1.) [707 NYS2d 584] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past pain and suffering and loss of services only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to decrease the verdict for past pain and suffering to $2,500,000 and loss of services to $250,000, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent, Stanley Grabowski (decedent), was injured when he was struck by a crate of glass that he was helping to unload from a flatbed truck. He died about five years later of causes unrelated to the accident. Plaintiff commenced this action against, *inter alia*, defendant Rochester Insulated Glass, Inc. (RIG), alleging that RIG was negligent in loading and unloading the crates. RIG commenced a third-party action against decedent's employer, third-party defendant, Clayton B. Obersheimer, Inc. (Obersheimer). A jury awarded plaintiff $3,000,000 for decedent's past pain and suffering, $86,942.19 for decedent's medical expenses, $218,650 for decedent's lost wages, and $500,000 for loss of services. The jury apportioned 70% responsibility to RIG and 30% to Obersheimer.

Supreme Court did not abuse its discretion in admitting the expert testimony of a witness who was employed as a general supervisor in the glass industry and had significant experience in training employees in loading and unloading glass crates (*see, Gleason v Holman Contract Warehousing*, 263 AD2d 913). Nor is there merit to the contention that the testimony of that witness did not concern an area of technical knowledge that went beyond "the range of ordinary training or intelligence" (*Dougherty v Milliken*, 163 NY 527, 533; *see, Selkowitz v County of Nassau*, 45 NY2d 97, 102). Further, the witness testified

concerning the same subject matter as an earlier expert witness, who testified concerning "packaging engineering." We have considered the remaining contentions with respect to the expert witness and conclude that they are without merit.

RIG further contends that allegedly improper comments made by plaintiff's counsel during summation require reversal. RIG objected to only two of the allegedly improper comments. With respect to the first comment, the court sustained the objection and instructed the jury to disregard the comment, thus mitigating any harm to RIG (*see, Hitchcock v Best*, 247 AD2d 769). Regardless of whether the other comment was improper, RIG did not move for a mistrial and therefore failed to preserve that contention for our review (*see, Hitchcock v Best, supra,* at 769). In any event, those errors were not so egregious as to deprive RIG of a fair trial (*see, Poole v Consolidated Rail Corp.,* 242 AD2d 966, 967-968, *lv denied* 91 NY2d 908; *Baker v Sportservice Corp.* [appeal No. 1], 175 AD2d 654, *lv denied* 78 NY2d 860). We have considered the contention of Obersheimer regarding its right to three peremptory challenges and conclude that it is without merit.

We conclude that the awards of damages for past pain and suffering and loss of services deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Poole v Consolidated Rail Corp., supra,* at 967-968). We modify the judgment, therefore, by vacating those awards, and we grant a new trial on damages for past pain and suffering and loss of services only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to decrease the verdict for past pain and suffering to $2,500,000 and loss of services to $250,000, in which event the judgment is modified accordingly and as modified affirmed. (Appeals from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Hayes, J. P., Hurlbutt, Scudder and Kehoe, JJ.