■ WENDELL K. BUTLER, SR., Respondent, v COUNTY OF CHAUTAUQUA, Appellant, et al., Defendant. CITY OF JAMESTOWN, Third-Party Plaintiff, v HOLMES AND MURPHY, INC., Third-Party Defendant-Appellant. [715 NYS2d 559] —Order unanimously reversed on the law without costs, motion denied and verdict reinstated. Memorandum: Supreme Court erred in granting plaintiff's motion and setting aside the verdict and directing judgment in plaintiff's favor. It cannot be said that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see, Levin v Carbone,* 277 AD2d 951 [decided herewith]).

The court further erred in determining that, if it were not directing a verdict, it would set aside the verdict in the interest of justice. A court should grant a new trial in the interest of justice "only if there is evidence that substantial justice has not been done * * * as would occur, for example, where the trial court erred in ruling on the admissibility of evidence, there is newly discovered evidence, or there has been misconduct on the part of the attorneys or jurors" (*Gomez v Park Donuts,* 249 AD2d 266, 267). The court's determination was based in part on the failure of defendant County of Chautau-

qua and third-party defendant, Holmes and Murphy, Inc. (H&M), to disclose the expert testimony of two H&M employees regarding custom and practice in the road construction industry (see, CPLR 3101 [d] [1] [i]). Plaintiff, however, failed to object to all but one question on the ground that such testimony was expert opinion. In any event, the testimony at issue did not address the custom and practice in the industry but rather addressed the personal experience of those witnesses regarding paving projects with which they had been involved and, thus, did not constitute expert opinion. Although the question to which plaintiff objected did arguably seek an opinion, such testimony was not "expert opinion" and, in our view, is not a ground for setting aside the verdict.

The remaining basis for the court's determination was the alleged partiality of a juror. The court did not ascertain through affidavit, sworn testimony, or otherwise, that the juror in question could not have been impartial due to an alleged past relationship with H&M. In any event, it is the responsibility of plaintiff to obtain information that would indicate partiality on the part of a juror.

We therefore reverse the order, deny plaintiff's motion and reinstate the verdict. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—New Trial.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.