■ BRIAN R. TANNER et al., Appellants, v FRANCESCO TUNDO, Respondent. [765 NYS2d 544] —Appeal from a judgment of Supreme Court, Jefferson County (McGuire, J.), entered March 19, 2002, upon a jury verdict in favor of defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs contend that the jury verdict in favor of defendant finding that Brian R. Tanner (plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) in the motor vehicle accident at issue herein should be set aside as against the weight of the evidence. We conclude that Supreme Court properly denied plaintiffs' motion to set aside the verdict on that ground. " 'A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that it could not have been reached on any fair interpretation of the evidence' " (*Kalpakis v County of Nassau*, 289 AD2d 453, 454 [2001]). " 'In reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function of the jury, as it is in the foremost position to assess witness credibility' " (*id.*, quoting *Teneriello v Travelers Cos.*, 264 AD2d 772, 772-773 [1999]). Here, plaintiff had a history of neck and back injuries, and even the opinions of his own physicians were equivocal with regard to causation. The conflicting medical opinions of the experts for plaintiffs and defendant raised issues of credibility for the jury to determine (*see Cavallaro v Baker*, 187 AD2d 976 [1992]). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.