■ LINDA M. TRACY et al., Respondents, v JULIJANA RAPESOVSKA, Appellant. [771 NYS2d 411]—

Appeal from an amended order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered May 8, 2003. The amended order granted plaintiffs' motion, set aside a jury verdict and ordered a new trial on the issues of causation and damages only.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, and the verdict is reinstated.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Linda M. Tracy (plaintiff) in an automobile accident. Plaintiffs seek recovery under three categories of serious injury based on plaintiff's alleged fractured teeth, hearing loss and tinnitus, and herniated disc. The jury returned a verdict in favor of defendant, finding that plaintiff did not sustain a serious injury. Plaintiffs moved for leave to renew their motion for a directed verdict on the issue of serious injury or, in the alternative, for a new trial on the ground that the verdict was against the weight of the evidence. Supreme Court determined that plaintiff sustained a serious injury as a matter of law, and ordered a new trial on the issues of causation and damages only. We reverse.

Contrary to the court's conclusion, there is a "valid line of reasoning and permissible inferences that could . . . lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Ruddock v Happell,* 307 AD2d 719, 720 [2003]). Nor is the verdict against the weight of the evidence. The jury's finding that plaintiff did not sustain fractured teeth as a result of the accident is one that reasonably could have been rendered upon the conflicting evidence at trial (*see id.*). The issue of causation was sharply in dispute (*cf. Gertis v Jarosz,* 284 AD2d 938 [2001]), and the conflicting medical opinions of the experts raised issues of credibility for the jury to determine (*see Tanner v Tundo,* 309 AD2d 1244) [2003].

We also reject plaintiffs' further contention that the verdict is against the weight of the evidence with respect to plaintiff's additional injuries of hearing loss and tinnitus and a herniated disc. As with the dental fractures, there was equivocal testimony from plaintiffs' experts, as well as conflicting evidence from

defendant's experts, whether those injuries were a result of the accident (*see Redmond v Schultz*, 152 AD2d 823, 824 [1989]). In addition, there was conflicting evidence of "the extent or degree of [plaintiff's] physical limitation" resulting from the herniated disc (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]).

We therefore reverse the amended order, deny the motion, and reinstate the verdict. Present—Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.