RONALD OSINSKI et al., Individually and as Parents and Natural Guardians of JAMES OSINSKI, an Infant, Appellants, v PARVIZ TAEFI, M.D., Respondent. (Appeal No. 1.) [787 NYS2d 591]—

Appeal from a judgment of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered June 20, 2003. The judgment dismissed the complaint upon a jury verdict in favor of defendant in a medical malpractice action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries suffered by their son, allegedly as a result of his premature birth. Defendant was the obstetrician-gynecologist who treated Annette Osinski (plaintiff). Plaintiffs alleged that defendant was negligent in his treatment of plaintiff during an appointment approximately one day before the premature birth. Prior to trial, Supreme Court dismissed a cause of action asserted by plaintiff, individually, thereby rendering legally irrelevant references to her postpartum care and treatment. "Determinations of relevancy rest largely in the discretion of the trial court" (*Price v New York City Hous. Auth.*, 92 NY2d 553, 560 [1998]), and we conclude that the court did not abuse its discretion in ordering redaction of references to plaintiff's postpartum care and treatment and in prohibiting plaintiffs' attorney from commenting in his summation on notes in the hospital record concerning plaintiff's condition after the delivery, even though the record was in evidence and those entries had not been redacted.

We further conclude that the court properly denied plaintiffs' request for a jury instruction on spoliation of evidence. Plaintiffs failed to establish that the original documents were destroyed (*see Lillis v D'Souza*, 174 AD2d 976, 977 [1991], *lv denied* 78 NY2d 858 [1991]), much less that they were destroyed with a fraudulent intent (*cf. Lipschitz v Stein*, 10 AD3d 634, 638 [2004]). Plaintiffs further failed to establish there was "no reasonable explanation for failing to produce [the evidence]" (*Wilkie v New York City Health & Hosps. Corp.*, 274 AD2d 474, 474 [2000], *lv denied* 96 NY2d 705 [2001]; *see Cidieufort v New York City Health & Hosps. Corp.*, 250 AD2d 720, 721 [1998]). Defendant, however, testified that he transferred the original records to Children's Hospital when it purchased his practice in 1996.

Finally, we conclude that the court properly denied plaintiffs' motion to set aside the verdict as against the weight of the evidence. It is well settled that a motion to set aside a jury verdict as against the weight of the evidence should not be granted

"unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Ruddock v Happell*, 307 AD2d 719, 720 [2003]; *Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, 976 [1986], *lv denied* 68 NY2d 608 [1986]). " 'In reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function of the jury, as it is in the foremost position to assess witness credibility' " (*Kalpakis v County of Nassau*, 289 AD2d 453, 454 [2001], quoting *Teneriello v Travelers Cos.*, 264 AD2d 772, 772-773 [1999], *lv denied* 94 NY2d 758 [2000]; *see Tanner v Tundo*, 309 AD2d 1244 [2003]). Here, the conflicting testimony of defendant and plaintiffs and the conflicting expert opinions raised issues of credibility for the jury to determine (*see Tanner*, 309 AD2d 1244 [2003]; *Mascia v Olivia*, 299 AD2d 883, 884 [2002]). Present—Pigott, Jr., P.J., Pine, Gorski and Lawton, JJ.