ROBERT GUTHRIE, JR., Appellant, v MICHAEL OVERMYER et al., Respondents. [797 NYS2d 203]—

Appeal from a judgment of the Supreme Court, Livingston County (Gerard J. Alonzo, Jr., A.J.), entered April 14, 2004 in a personal injury action. The judgment, upon a jury verdict in favor of plaintiff and against defendants, awarded plaintiff the amount of $32,314.96.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle that he was driving collided at an intersection with a vehicle driven by Michael Overmyer (defendant). Both vehicles were controlled by a green light as they approached the intersection from opposite directions, and they collided when defendant's vehicle turned left at the intersection. Plaintiff appeals from a judgment entered upon a jury verdict apportioning plaintiff's liability for the accident at 40% and defendant's liability at 60%, and awarding plaintiff damages in the amount of $50,000 for past pain and suffering and no damages for future pain and suffering.

We reject the contention of plaintiff that Supreme Court erred in denying that part of his posttrial motion for a directed verdict on the issue of liability. Contrary to plaintiff's contention, there is a valid line of reasoning and permissible inferences that could lead rational persons to the conclusion reached by the jury based upon the evidence presented at trial (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Shea v Mazza*, 307 AD2d 708 [2003]). We further agree with the court that the verdict with respect to plaintiff's liability is not against the weight of the evidence inasmuch as it cannot be said that the evidence on the issue of liability so preponderated in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Osinski v Taefi*, 13 AD3d 1205, 1206-1207 [2004]). Also contrary to plaintiff's contention, the court properly denied that part of plaintiff's posttrial motion seeking to set aside the verdict with respect to the jury's failure to award any damages for future pain and suffering as against the weight of the evidence (*see generally Lolik*, 86 NY2d at 746; *Osinski v Taefi*, 13 AD3d at 1206-1207). The determination of the issues of liability and damages hinged on the credibility of the witnesses, and "great deference is accorded to the fact-finding function of the jury, [which] is in the foremost position to assess witness credibility" (*Teneriello v Travelers Cos.*, 264 AD2d 772, 772-773 [1999], *lv denied* 94 NY2d 758 [2000]).

Contrary to plaintiff's contention, the court did not err in permitting defendant to testify with respect to the speed of plaintiff's vehicle as it approached the intersection. It is well settled that, once a proper foundation is laid, a "lay witness will ordinarily be permitted to testify as to the estimated speed of an automobile, based upon the prevalence of automobiles in our society, the frequency with which most people view them at various speeds and an adequate foundation that the witness has estimated the speed of automobiles on prior occasions" (*Swoboda v We Try Harder*, 128 AD2d 862, 863 [1987]). Here, the requisite foundation was laid for defendant's testimony.

Furthermore, the court did not err in permitting cross-examination of plaintiff's expert concerning a prior back or neck injury that allegedly resulted in a permanent partial disability. Plaintiff placed his physical condition prior to the accident at issue herein by testifying on direct examination that he was not suffering from any disabilities prior to the accident. Additionally, plaintiff contended that he was entitled to damages based on, inter alia, his inability to lift heavy objects. Thus,

the court properly allowed defendants to impeach plaintiff's expert with evidence that the alleged disability from the accident at issue herein might have resulted from the earlier injury. Moreover, we note that plaintiff's expert previously had determined that plaintiff was permanently partially disabled as a result of the earlier injury, yet plaintiff testified herein that the earlier disability no longer existed. Thus, plaintiff's expert was properly impeached with that evidence. We note in addition that plaintiff did not withdraw from his bill of particulars the contention that he injured his neck as a result of the accident herein, and the court properly allowed cross-examination with respect to the contents of plaintiff's bill of particulars, including the theories set forth therein (see Figueroa v Maternity Infant Care Family Planning Project, 243 AD2d 424 [1997], lv denied 91 NY2d 807 [1998]).

Plaintiff was not deprived of a fair trial by questions asked on cross-examination or by a comment made by defendants' attorney on summation. The court sustained plaintiff's objections to the questions at issue and curative instructions were given, and thus any prejudice to plaintiff was thereby mitigated (see Clemons v Vanderpool, 289 AD2d 1078, 1079 [2001]; Sperduti v Mezger, 283 AD2d 1018, 1019 [2001]). In any event, we conclude that the questioning and the comment on summation were not so prejudicial as to deprive plaintiff of a fair trial (see generally Dombrowski v Moore, 299 AD2d 949, 951 [2002]; Grabowski v City Ctr. Dev. Co. of Buffalo, 272 AD2d 868, 869 [2000]; Baker v Sportservice Corp. [appeal No. 1], 175 AD2d 654 [1991], lv denied 78 NY2d 860 [1991]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.