■ THOMAS BARTON et al., Respondents, v EDWARD YOUMANS, Appellant. [805 NYS2d 864]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered July 6, 2004 in a personal injury action. The order, inter alia, granted plaintiffs' motion to set aside the jury verdict.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Thomas Barton (plaintiff) when his vehicle was struck from behind by a vehicle driven by defendant. We agree with defendant that Supreme Court erred in granting plaintiffs' motion insofar as plaintiffs sought to set aside the verdict as against the weight of the evidence. The conflicting opinions of the medical experts with respect to whether plaintiff's shoulder injury was caused by the accident raised issues of credibility for the jury to determine (*see Tanner v Tundo*, 309 AD2d 1244 [2003]), and we conclude that the evidence does not so preponderate in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Garrison v Geyer*, 19 AD3d 1136 [2005]). We further conclude that the court erred in granting plaintiffs' motion insofar as plaintiffs sought to set aside the verdict in the interest of justice, inasmuch as there is no " 'evidence that substantial justice has not been done' " (*Butler v County of Chautauqua*, 277 AD2d 964, 964 [2000]). Present—Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.