FOURTH DEPARTMENT, APRIL, 2006

(April 28, 2006)

■ CHARLENE VAN DUSEN et al., Appellants, v JANET McMASTER et al., Respondents. (Appeal No. 1.) [814 NYS2d 438]—

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered February 18, 2005 in a personal injury action. The judgment, upon a jury verdict, dismissed the complaint and granted defendants costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed in the interest of justice without costs, the motion is granted, the verdict is set aside, the complaint is reinstated and a new trial is granted.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Charlene Van Dusen (plaintiff), a sales representative, when her heel became caught in an area of broken wood in the doorway of defendant Delbert E. McMaster Agency, Inc., an insurance agency. Plaintiffs contend on appeal that Supreme Court erred in denying their posttrial motion seeking, inter alia, to set aside the verdict in the interest of justice. We agree.

During direct examination by defendants' attorney, the physician who examined plaintiff on behalf of defendants testified to the effect that plaintiff was not injured in the fall but continued to seek medical treatment in order to obtain prescription drugs to which she was addicted and/or was trafficking. Defendants' attorney conducted such questioning, and the physician so testified, despite a prior ruling of the court barring such testimony. Moreover, prior to the testimony of that physician, defendants' attorney made several highly prejudicial comments during his cross-examination of plaintiff, including his unsubstantiated allegation that plaintiff sought publicity in connection with her husband's alleged prize winnings in the amount of $1 million. We conclude that plaintiffs are entitled to a new trial based on the cumulative effect of the prejudicial misconduct of defendants' attorney and based on various erroneous evidentiary rulings by the court, including a ruling that permitted cross-examination of plaintiff with respect to uncharged criminal activity in which she allegedly engaged (see Schaffer v Kurpis, 177 AD2d 379 [1991]; see generally Kennedy v Children's Hosp. of Buffalo [appeal No. 3], 288 AD2d 918 [2001]).

Although plaintiffs failed to seek a mistrial and raised their present contention for the first time in a posttrial motion (cf. Grabowski v City Ctr. Dev. Co. of Buffalo, 272 AD2d 868, 869 [2000]), we nevertheless reverse the judgment in the interest of justice, grant plaintiffs' posttrial motion, set aside the verdict, reinstate the complaint and grant a new trial.

In view of our determination, we need not address plaintiffs' remaining contentions.

All concur except Hurlbutt and Scudder, JJ., who dissent and vote to affirm in the following memorandum.

Hurlbutt and Scudder, JJ. (dissenting). We respectfully dissent. The authority of a trial judge to set aside a verdict and order a new trial in the interest of justice pursuant to CPLR 4404 (a) "is predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein . . . . The Trial Judge must decide whether substantial justice has been done [and] whether it is likely that the verdict has

been affected [by the errors, and the Trial Judge] . . . 'must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision' " (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]; *see Levo v Greenwald*, 107 AD2d 991, 992 [1985], *affd* 66 NY2d 962 [1985]; *Barton v Youmans*, 24 AD3d 1192 [2005]; *Gomez v Park Donuts*, 249 AD2d 266, 267 [1998]).

In our view, reversal in the interest of justice is not warranted in this case. Indeed, we cannot agree with the majority that defendants' attorney engaged in misconduct. The record does not reflect that his question to defendants' examining physician was intended to elicit the improper response concerning drug addiction or trafficking, which response was in any event the subject of an appropriate curative instruction. Moreover, any prejudice arising from that stricken testimony was minimized in view of the extensive evidence, received without objection at trial and not complained of on appeal, concerning the "drug-seeking behavior" of Charlene Van Dusen (plaintiff). Further, there was neither misconduct nor error in the cross-examination of plaintiff concerning alleged criminal or other conduct reflecting dishonesty, inasmuch as the record establishes that defendants' attorney had a good faith basis for such questioning. Finally, plaintiffs' attorney declined Supreme Court's proffered opportunity to move for a mistrial, and thus in our view it cannot be said that "substantial justice has not been done" (*Gomez*, 249 AD2d at 267; *see Micallef*, 39 NY2d at 381; *Barton*, 24 AD3d 1192 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.