■ JERRY LYNN BLANCHARD, Respondent, v LIFEGEAR, INC., et al., Appellants. (Appeal No. 1.) [845 NYS2d 622]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 3, 2006 in a personal injury action. The judgment was entered upon a jury verdict in favor of plaintiff and against defendants.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the post-trial motion is granted, the verdict is set aside, the post-trial cross motion is denied in its entirety and a new trial is granted on the issues of causation and damages in accordance with the following memorandum: Plaintiff commenced this action seeking damages for back injuries she allegedly sustained while operating a Fitness Flyer (hereafter, exercise equipment) manufactured by defendant Lifegear, Inc. and sold by defendant B.J.'s Wholesale Club, Inc. According to plaintiff, she has undergone numerous surgical procedures, including spinal fusion, as a result of the injury she sustained while using the exercise equipment. Defendants contend that Supreme Court erred in denying their post-trial motion to set aside the jury verdict and in granting that part of plaintiff's post-trial cross motion to increase the award of damages for

future pain and suffering to the extent of increasing that award from $1 million to $2 million.

We agree with defendants that the court erred in precluding their examining medical and vocational rehabilitation experts from testifying concerning, inter alia, the issue whether plaintiff sustained a permanent injury and was able to return to work. Contrary to the court's determination, defendants timely disclosed the substance of the experts' testimony pursuant to CPLR 3101 (d) (1), and the subsequent reports of those experts contained no information that was not contained in the expert disclosures or the reports that previously had been provided. In addition, the opinion of defendants' examining physician that plaintiff did not sustain a permanent injury as a result of the incident while using the exercise equipment was logically consistent with the opinion in one of his prior reports that plaintiff had sustained no injury as a result of that incident. Further, preclusion was improper because plaintiff failed to establish that she was prejudiced by defendants' alleged untimely disclosure of those experts (see Tronolone v Praxair, Inc., 39 AD3d 1146, 1147 [2007]).

The court also erred in sua sponte directing a verdict in favor of plaintiff at the commencement of trial on the issue of causation. We conclude that the court erred in determining that plaintiff's back injuries and treatment resulted solely from the incident while using the exercise equipment and thus erred in precluding defendants from presenting evidence concerning plaintiff's preexisting injuries and treatment, as well as the cause of plaintiff's alleged injuries while using the exercise equipment and plaintiff's subsequent treatment therefor. The court relied in part on the report of defendants' medical expert that indicated that the incident on the exercise equipment was "only one of many low energy exacerbations of [plaintiff's] spinal problem." However, that medical expert also opined that plaintiff sustained "a major permanent injury to her lumbar spine" in a motor vehicle accident in 1992, which was "certainly enough to make her subject to premature disc degeneration," and that plaintiff's "spine was never 'right' again after that accident." In addition, the medical expert stated that, "given the correct exercise and pain management treatment, [plaintiff] would have returned to her previous functional capacity within a few weeks to months" after the incident on the exercise equipment and that the prior motor vehicle accident was the cause of the complaints for which plaintiff sought the treatment at issue in this case.

It is of course well established that, in any case in which the

evidence presents an actual issue of fact, the court may not properly direct a verdict (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). In order to be entitled to a directed verdict on the issue of causation, "[p]laintiff had the burden of showing that the evidence, viewed in the light most favorable to defendant[s], established as a matter of law that there was no rational process by which the jury could find in favor of defendant[s]" on that issue (*Hargis v Sayers* [appeal No. 2], 38 AD3d 1228, 1229 [2007]). Here, plaintiff had not specifically moved for the relief that was granted, nor had the trial commenced. The reports of defendants' experts set forth the medical history of plaintiff, which included preexisting injuries and extensive medical treatment to her lower back and lumbar spine. In addition, the reports addressed the severity of plaintiff's prior motor vehicle accident, and the experts offered their opinions with respect to the extent and causation of plaintiff's injuries. The jury thus should have been permitted to consider the preexisting injuries sustained by plaintiff and to determine whether her alleged injuries and treatment for those injuries were causally related to the motor vehicle accident (*see generally Cummings v Jiayan Gu*, 42 AD3d 920, 922-923 [2007]; *Quigg v Murphy*, 37 AD3d 1191, 1193 [2007]).

We note in addition that, on this record, the court erred in permitting plaintiff to present a videotape of a disc replacement surgical procedure and in permitting plaintiff's medical expert to testify with respect to that videotape. Plaintiff failed to provide adequate notice of that videotape and testimony (*see generally* 22 NYCRR 202.17 [b] [1]; [h]), nor was there a foundation for the videotape and testimony. Indeed, there was no evidence that disc replacement surgery was contemplated for plaintiff in the future. Further, upon our viewing of the videotape, we conclude that, even if there had been a proper foundation and adequate notice, any probative value was outweighed by the prejudicial effect of the videotape (*cf. Salazar v Fries & Assoc.*, 251 AD2d 210 [1998]).

We disagree with defendants, however, that the court erred in denying that part of their pretrial cross motion to disqualify plaintiff's counsel. Defendants failed to establish that disqualification was warranted (*see generally Eisenstadt v Eisenstadt*, 282 AD2d 570 [2001]), inasmuch as the record is devoid of any affirmative proof demonstrating that plaintiff's counsel offered or used false evidence. In any event, the grounds raised by defendants as the basis for disqualification could be raised by defendants in cross-examining plaintiff and her physicians.

In view of the numerous erroneous rulings of the court and,

in particular, its determination to direct a verdict with respect to causation, we conclude that the court effectively prevented defendants from presenting a defense in this action and denied them their right to a fair trial. As a result, and because " 'justice must satisfy the appearance of justice' " (*In re Murchison*, 349 US 133, 136 [1955]), we conclude that a new trial on the issues of causation and damages before a different justice is warranted (*see generally Maldonado v Cotter*, 256 AD2d 1073, 1074 [1998]).

In view of our determination to grant a new trial, we do not reach defendants' remaining contentions. Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.