▪ LISA E.G. et al., as Parents and Natural Guardians of the Person and Property of JENNIFER G., an Infant, et al., Appellants, v THE GENESEE HOSPITAL et al., Respondents. [850 NYS2d 734]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew J. Rosenbaum, J.), entered December 22, 2006 in a medical malpractice action. The order and judgment, among other things, denied plaintiffs' amended motion to strike the answers of defendants and granted the cross motion of defendant the Genesee Hospital for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by the infant plaintiff during her birth at defendant the Genesee Hospital (Hospital). We reject the contention of plaintiffs that Supreme Court erred in denying their amended motion to strike defendants' answers or, in the alternative, to deem the issues of liability and causation resolved in favor of plaintiffs based on defendants' spoliation of evidence. The determination whether to impose a sanction for spoliation of evidence lies in the sound

discretion of the court (*see Steuhl v Home Therapy Equip., Inc.,* 23 AD3d 825, 826 [2005]; *see also Miller v Weyerhaeuser Co.,* 3 AD3d 627, 628 [2004], *lv dismissed* 3 NY3d 701 [2004], *appeal dismissed* 5 NY3d 822 [2005]; *Hulett v Niagara Mohawk Power Corp.,* 1 AD3d 999, 1002 [2003]). Here, the court denied the motion upon determining, inter alia, that plaintiffs failed to establish that the evidence allegedly lost or destroyed by defendants ever existed (*see generally Osinski v Taefi,* 13 AD3d 1205, 1206 [2004]), and we cannot conclude on the record before us that the court abused its discretion.

We reject plaintiffs' further contention that the court erred in granting the cross motion of the Hospital for summary judgment dismissing the amended complaint against it. The Hospital met its initial burden by establishing that it acted in accordance with good and accepted medical practice in the field of obstetrics and gynecology at the time of the infant plaintiff's birth (*see generally Santangelo v Crouse Med. Group,* 209 AD2d 942 [1994], *appeal dismissed* 85 NY2d 905 [1995]), and plaintiffs failed to submit sufficient evidence in admissible form to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.