■ KATHRYN LaCHAPELLE, Appellant, v DENNIS J. McLOUGHLIN et al., Defendants, and BENITO MELUZIO et al., Respondents. [891 NYS2d 428]—

The plaintiff argues that the Supreme Court improvidently exercised its discretion in denying her application to excuse a juror after it was revealed that there allegedly had been improper contact between the respondents' attorney and this particular juror. The jury ultimately returned a verdict in favor of the respondents. On appeal, the plaintiff asserts that the verdict should be set aside and a new trial ordered based on the court's failure to excuse the juror. This contention is without merit.

During the trial of this action, and after the jury had been discharged for the day, one of the jurors returned to the parking lot to find that her car would not start. The juror then noticed the respondents' attorney nearby and asked if he could give her car a "jump" start. The attorney properly responded that he was not allowed to talk to the juror, but that he would go into the courthouse and inform a court officer. This was the entire encounter between the two and, in fact, by the time the respondents' attorney emerged from the building, the juror already had obtained assistance from two other people. After this juror was questioned by the court and the plaintiff's counsel, and after she assured the court that the "incident" would have no effect on her ability to be fair and impartial, the court concluded that the juror should not be removed from the panel. We agree.

A new trial may be warranted in "the interests of justice" if there is evidence that substantial justice has not been done as a result of juror misconduct (*Gomez v Park Donuts*, 249 AD2d 266, 267 [1998]; *see Butler v County of Chautauqua*, 277 AD2d 964 [2000]; *Matter of De Lano*, 34 AD2d 1031 [1970], *affd* 28 NY2d 587 [1971]; *see also Micallef v Miehle Co., Div. of Miehle-*

*Goss Dexter*, 39 NY2d 376, 381 [1976]). However, not every instance of juror misconduct leads to the conclusion that substantial justice has not been effected. "No ironclad rule concerning juror misconduct has been formulated . . . 'In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " (*Alford v Sventek*, 53 NY2d 743, 745 [1981], quoting *People v Brown*, 48 NY2d 388, 394 [1979]). " 'It is not every irregularity in the conduct of jurors that requires a new trial. The misconduct must be such as to prejudice a party in his substantial rights' " (*Wiener v Davidson*, 61 AD2d 1030, 1030 [1978], quoting *People v Dunbar Contr. Co.*, 215 NY 416, 426 [1915]).

Here, the entire episode was transitory and inconsequential and did not prejudice the plaintiff. Moreover, the juror unequivocally stated that this contact did not have any effect upon her. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the application to excuse the juror, and there is no reason to set aside the verdict and grant a new trial. Rivera, J.P., Florio, Miller and Hall, JJ., concur.