STEPHEN D. SALISBURY, JR., et al., Respondents, v JONELLE K. CHRISTIAN et al., Appellants. (Appeal No. 1.) [891 NYS2d 830]—

Memorandum: Plaintiffs commenced two actions seeking damages for injuries they sustained when the motorcycle they were riding was rear-ended by a vehicle operated by Jonelle K. Christian and leased by Anthony M. Christian (hereafter, Christian defendants) from defendant Central National Bank (CNB). Plaintiffs thereafter moved to consolidate the actions, for partial summary judgment on liability, and for dismissal of various affirmative defenses. Supreme Court granted that part of plaintiffs' motion for consolidation and the court, inter alia, granted that part of the motion only with respect to partial summary judgment on negligence rather than liability. The matter proceeded to trial on the issue of damages with respect to plaintiff Stephen D. Salisbury, Jr. and on the issues of causation and damages with respect to Christine K. Dannible (plaintiff). At the close of proof, the court granted plaintiffs' motion for a

directed verdict on the issue of causation with respect to plaintiff, and the jury thereafter returned a verdict awarding plaintiffs damages. The Christian defendants moved to set aside the verdict with respect to plaintiff in the interest of justice, and CNB filed a "cross-motion" also seeking to set aside the verdict with respect to plaintiff. By the order in appeal No. 1, the court denied the motion and "cross-motion." CNB thereafter moved for a collateral source hearing and, by the order in appeal No. 2, the court, inter alia, stayed "all collateral source proceedings" pending the resolution of the appeals taken from the order in appeal No. 1. The appeals were consolidated by this Court.

We agree with the Christian defendants in appeal No. 1 that the court erred in denying their motion to set aside the verdict with respect to plaintiff based on its error in granting plaintiffs' motion for a directed verdict on causation with respect to plaintiff (*see Blanchard v Lifegear, Inc.*, 45 AD3d 1258, 1259-1260 [2007]; *see generally Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]). First, there were conflicting expert medical opinions presented at trial on the issue whether plaintiff's injuries were caused by the accident, and thus the issue of causation raised credibility issues for the jury (*see Barton v Youmans*, 24 AD3d 1192 [2005]; *Tracy v Rapesovska*, 4 AD3d 856 [2004]; *Tanner v Tundo*, 309 AD2d 1244 [2003]). Second, plaintiff's credibility was also an issue for the jury. Significantly, the evidence presented at trial established that plaintiff failed to inform her expert treating physicians that she had suffered similar complaints before the accident, and she gave inconsistent versions of the accident. "A jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination . . . Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion" (*Zapata v Dagostino*, 265 AD2d 324, 325 [1999]; *see Quigg v Murphy*, 37 AD3d 1191, 1193 [2007]; PJI 1:90). In addition, a plaintiff may of course be impeached by his or her own testimony (*see Ashby v Mullin*, 56 AD3d 588 [2008]; *Holmberg v Traverse*, 213 AD2d 924, 926 [1995]). We further agree with CNB that the court erred in denying its motion, improperly denominated a "cross motion" (*see Barrett v Watkins*, 52 AD3d 1000, 1003 n 1 [2008]), to set aside the verdict with respect to plaintiff based on the court's error in granting plaintiffs' motion for a directed verdict on causation with respect to plaintiff, despite the fact that the

"cross motion" was untimely (*see* CPLR 4405; *Casey v Slattery*, 213 AD2d 890, 891 [1995]). The liability of CNB is vicarious and thus is inseparable from the liability of the Christian defendants (*see generally Lakewood Constr. Co. v Brody*, 1 AD3d 1007, 1009 [2003]; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 855-856 [1995]).

Finally, we conclude with respect to the order in appeal No. 2 that the court did not improvidently exercise its discretion in granting a stay of the collateral source proceedings pending resolution of the appeals taken from the order in appeal No. 1 (*see* CPLR 2201; *Britt v Buffalo Mun. Hous. Auth.*, 63 AD3d 1593 [2009]; *Asher v Abbott Labs.*, 307 AD2d 211 [2003]). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.