■ GABRIELLE G. et al., Appellants, v WHITE PLAINS CITY SCHOOL DISTRICT et al., Respondents. [964 NYS2d 603]—

In an action, inter alia, to recover damages for negligence and negligent infliction of emotional distress, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered November 9, 2011, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon an order of the same court entered October 28, 2011, denying their motion pursuant to CPLR 4404 to set aside the jury verdict on the ground that it was the result of juror confusion

or misconduct and for a new trial on the issue of liability, and for an evidentiary hearing as to alleged juror confusion or misconduct, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this action alleging, inter alia, that the defendants negligently permitted a classmate to kiss and touch the infant plaintiff inappropriately. At the conclusion of a trial on the issue of liability, the jury returned a verdict in favor of the defendants, finding that the defendants were not negligent.

On the day after the verdict was returned, the plaintiffs moved pursuant to CPLR 4404 to set aside the verdict and for an evidentiary hearing based upon the jury's alleged misconduct in commencing deliberation with the alternate jurors over lunch, and upon claims that the jurors misunderstood the charge on the standard of negligence. In support of their motion, the plaintiffs submitted, inter alia, affidavits from two alternate jurors and affirmations from the plaintiffs' attorneys, who recounted their posttrial conversations with the jurors. The Supreme Court denied the motion.

"It has long been the law that, with narrow exceptions, jury verdicts may not be impeached by 'probes into the jury's deliberative process' " (*People v Davis*, 86 AD3d 59, 64 [2011], quoting *People v Maragh*, 94 NY2d 569, 573 [2000]; *see Alford v Sventek*, 53 NY2d 743, 744 [1981]). Nevertheless, inquiry may be made into "improper influence" (*Taylor v Port Auth. of N.Y. & N.J.*, 202 AD2d 414, 415 [1994]). However, " '[i]t is not every irregularity in the conduct of jurors that requires a new trial' " and, instead, the " '[m]isconduct must be such as to prejudice a party in his substantial rights' " (*Wiener v Davidson*, 61 AD2d 1030, 1030 [1978], quoting *People v Dunbar Contr. Co.*, 215 NY 416, 426 [1915]; *see Alford v Sventek*, 53 NY2d at 744-745; *LaChapelle v McLoughlin*, 68 AD3d 824, 826 [2009]).

Here, the Supreme Court properly denied the plaintiffs' motion for an evidentiary hearing and for a new trial. The plaintiffs failed to establish that the allegations of juror irregularities rose to the level of "improper influence" or that a party's substantial right was prejudiced. Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.