Shelp v Ratnik (2023 NY Slip Op 04014)

Shelp v Ratnik

2023 NY Slip Op 04014

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, OGDEN, AND GREENWOOD, JJ.

353 CA 22-01208

[*1]EDWIN G. SHELP, JR., PLAINTIFF-APPELLANT,
v
RONALD H. RATNIK, DEFENDANT-RESPONDENT. 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANTHONY R. BRIGHTON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered February 8, 2022. The judgment effectively dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained as a result of a motor vehicle accident in which his vehicle was struck by a vehicle operated by defendant. Plaintiff appeals from a judgment, entered upon a jury verdict of no cause of action, effectively dismissing the complaint. Plaintiff's appeal brings up for review the denial of his posttrial motion to set aside the verdict (see CPLR 5501 [a] [2]).
We reject plaintiff's contention that Supreme Court erred in failing to set aside the verdict as against the weight of the evidence. It is well established that "[a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (Sauter v Calabretta, 103 AD3d 1220, 1220 [4th Dept 2013] [internal quotation marks omitted]). "That determination is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (Ruddock v Happell, 307 AD2d 719, 720 [4th Dept 2003]; see Todd v PLSIII, LLC-We Care, 87 AD3d 1376, 1377 [4th Dept 2011]). Here, there were conflicting expert medical opinions presented at trial on the issue whether plaintiff's injuries were caused by the accident, and thus the issue of causation raised credibility issues for the jury (see Salisbury v Christian, 68 AD3d 1664, 1665 [4th Dept 2009]). Moreover, the evidence at trial established that plaintiff failed to inform his expert treating physicians that he had suffered similar complaints before the accident, and also established that those physicians relied upon the history as provided to them by plaintiff (see Sanchez v Dawson, 120 AD3d 933, 934-935 [4th Dept 2014]; Salisbury, 68 AD3d at 1665). Under these circumstances, we conclude that the jury's interpretation of the evidence was not "palpably wrong" (McMillian v Burden, 136 AD3d 1342, 1344 [4th Dept 2016] [internal quotation marks omitted]).
We also reject plaintiff's contention that the court erred in refusing to set aside the verdict on the ground that the conduct of defendant's counsel denied him a fair trial. Although defendant's counsel made some improper comments, we conclude that, under the circumstances here, they were not so prejudicial as to deprive plaintiff of a fair trial (see Bhim v Platz, 207 AD3d 511, 514 [2d Dept 2022]; Yu v New York City Health & Hosps. Corp., 191 AD3d 1040, 1043 [2d Dept 2021]; Harden v Faulk, 111 AD3d 1380, 1381 [4th Dept 2013], amended on other grounds 115 AD3d 1274 [4th Dept 2014], lv denied 23 NY3d 907 [2014]).
Finally, we have reviewed plaintiff's remaining contentions and conclude that they do not warrant reversal or modification of the judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court