Czechowski v Wisniewski (2024 NY Slip Op 01658)

Czechowski v Wisniewski

2024 NY Slip Op 01658

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

737 CA 22-01778

[*1]JOHN CZECHOWSKI, PLAINTIFF-APPELLANT,
v
PAUL WISNIEWSKI, DEFENDANT-RESPONDENT. 

COLUCCI & GALLAHER, P.C., BUFFALO (RYAN L. GELLMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NELSON E. SCHULE, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Daniel Furlong, J.), entered October 26, 2022. The judgment, inter alia, awarded plaintiff $60,000 for past pain and suffering and $16,000 for future pain and suffering. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting the posttrial motion of plaintiff in part and setting aside the verdict with respect to the award of damages and as modified the judgment is affirmed without costs and a new trial is granted on damages unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for past pain and suffering to $150,000 and the award of damages for future pain and suffering to $125,000, plus interest from the date of the decision establishing liability to the date on which the judgment was entered, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained when the ladder provided to him by defendant while plaintiff was installing gutters on defendant's house broke, causing plaintiff to fall. Plaintiff sustained fractures of his left calcaneus. After a damages-only trial, the jury awarded plaintiff $60,000 for past pain and suffering and $16,000 for future pain and suffering. Plaintiff moved for an additur or, in the alternative, to set aside the verdict pursuant to CPLR 4404 (a). Supreme Court denied the motion. Defendant moved for, inter alia, an order striking accrued interest from the jury award. The court entered judgment awarding plaintiff a total of $99,564.14, allowing interest only through the date that plaintiff's motion was decided, not the subsequent entry of the judgment. Plaintiff appeals from that judgment.
Initially, we note that plaintiff's appeal brings up for review the propriety of the order denying his posttrial motion (see CPLR 5501 [a] [1], [2]; Shelp v Ratnik, 218 AD3d 1209, 1209 [4th Dept 2023]; Cooper v Nestoros, 159 AD3d 1365, 1366 [4th Dept 2018]).
We agree with plaintiff that the court erred in denying his motion for an additur. "In evaluating whether the jury award is [inadequate], we consider whether the verdict deviates materially from what is considered reasonable compensation" (Grasha v Town of Amherst, 191 AD3d 1286, 1287 [4th Dept 2021], lv denied 37 NY3d 906 [2021]; see CPLR 5501 [c]; Nayberg v Nassau County, 149 AD3d 761, 762 [2d Dept 2017]; Hotaling v Carter, 137 AD3d 1661, 1662-1663 [4th Dept 2016]). "Because monetary awards for pain and suffering are not subject to precise quantification . . . , we look to comparable cases to determine at which point an award deviates materially from what is considered reasonable compensation" (Grasha, 191 AD3d at 1287 [internal quotation marks omitted]; see Huff v Rodriguez, 45 AD3d 1430, 1433 [4th Dept 2007]). Here, we conclude that the evidence at trial established that plaintiff suffered a fracture of his left calcaneus that required an open reduction internal fixation surgery to repair. The [*2]undisputed evidence established that plaintiff's calcaneus was in so many pieces that the surgeon had to remove the pieces and fit them back together like a puzzle before placing the bones back into plaintiff's foot and securing them with a plate and screws. In addition, plaintiff's cartilage had shifted when the talus "shoved" his bones out of alignment and had been scratched during the trauma. According to plaintiff's surgeon, this was "the one thing" that she could not fix and she would be unable to prevent arthritis from developing in that area. Plaintiff was prohibited from placing weight on his foot for approximately 10 weeks after the surgery. At his 11-month visit, plaintiff complained of "burning" along the incision and walked with a limp. He had 25% restricted motion because of the trauma-induced arthritis and the surgery itself. Almost seven years after the incident, plaintiff continued to have numbness and pain along the side of his foot. Plaintiff's imaging showed arthritis and he continued to have "restricted motion side to side." Based on the evidence presented at trial, we conclude that an award of $150,000 for past pain and suffering and an award of $125,000 for future pain and suffering are the minimum amounts the jury could have awarded as a matter of law based on the evidence at trial (see Orlikowski v Cornerstone Community Fed. Credit Union, 55 AD3d 1245, 1247 [4th Dept 2008], lv dismissed 11 NY3d 915 [2009]).
We therefore modify the judgment by granting the posttrial motion in part and setting aside the verdict with respect to the award of damages, and we grant a new trial on damages unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award for past pain and suffering to $150,000 and the award for future pain and suffering to $125,000, in which event the judgment is modified accordingly.
We further agree with plaintiff that he is entitled to interest through the date that the judgment was entered. CPLR 5002 provides that interest shall accrue "from the date the verdict was rendered . . . to the date of entry of the final judgment" The Court of Appeals has interpreted that statute to mean that prejudgment interest is properly awarded "from the date of the decision establishing liability, rather than the date of the decision fixing damages" (Love v State of New York, 78 NY2d 540, 541 [1991]; see Gibbs v State Farm Fire & Cas. Co., 169 AD3d 1483, 1484-1485 [4th Dept 2019]). Here, the court properly awarded interest from the date that it decided the issue of liability, but erred in awarding interest only through the date that it denied plaintiff's motion. We conclude that prejudgment interest should be calculated in this case from the date that liability was established to the date of entry of the final judgment (see CPLR 5002). "The purpose of the statute is not to be punitive against defendants . . . Rather, the intent of the statute is merely to indemnify plaintiffs for the cost of the defendants having the use of another person's money between the time it is determined that compensation is due until judgment" (Van Nostrand v Froehlich, 44 AD3d 54, 57 [2d Dept 2007], appeal dismissed 10 NY3d 837 [2008]; see Love, 78 NY2d at 544).
We have reviewed plaintiff's remaining contention and conclude that it does not warrant reversal or further modification of the judgment.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court